UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIVINE G. EPPS, | ) | Case No.: 1:01 CV 2163 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| OHIO AUTHORITIES, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Now pending before the court, on a motion for reconsideration, is Petitioner Divine G. Epps's ("Mr. Epps" or "Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1) ("Petition.") For the following reasons, the court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 18.) Therefore, Petitioner's motion is hereby denied.

**I. FACTS AND PROCEDURAL HISTORY**

On September 12, 2001, Mr. Epps, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his September 11, 1997 conviction, after a jury trial, of two counts of aggravated murder, one count of kidnapping, and one count of aggravated robbery. (ECF No. 1.) The trial court sentenced Mr. Epps to a prison term of life for the two counts of aggravated murder, 5 to 15 years on the kidnapping charge, and 7 to 25

years on the aggravated robbery charge. The latter two sentences were to be served consecutively to the sentence for murder.

Mr. Epps alleged nine grounds for relief in his Petition: (1) that his due process rights were violated when he was imprisoned in spite of his actual innocence; (2) that he was denied equal protection of the law when the state prosecuted him even though the statute of limitations had run for his offenses; (3) that he was deprived of a fair trial; (4) that his right against self-incrimination under the Fifth Amendment was violated when the state introduced and used a statement that was obtained in violation of his right to remain silent; (5) that the prosecutor engaged in misconduct by using fabricated evidence; (6) that his rights against double jeopardy were violated; (7) that there was insufficient evidence to convict him; (8) that several uncharged felonies were introduced against him for the first time on direct appeal; and (9) ineffective assistance of trial and appellate counsel. (*See* ECF No. 1.)

This case was referred to Magistrate Judge Nancy A. Vechiarelli for preparation of a report and recommendation. The Magistrate Judge issued her Report and Recommendation on April 23, 2003, recommending that Mr. Epps's Petition be denied. (ECF No. 32.) Petitioner did not file any Objections to the Report and Recommendation. On July 10, 2003, this court adopted the Report and Recommendation (ECF No. 35), on the grounds that the Magistrate Judge's conclusions were correct and that Petitioner had not filed any Objections, and entered judgment dismissing the case (ECF No. 36).

On July 24, 2003, Mr. Epps filed a Motion for Reconsideration based on the fact that he had never received notice of the Report and Recommendation and, thus, did not have the opportunity to file Objections. (ECF No. 37.) By Marginal Order, the court granted Mr. Epps's motion for

reconsideration on August 6, 2003, directing that Petitioner file his Objections by August 20, 2003. (ECF No. 38.) Petitioner then proceeded to file additional documentation in support of his motion for reconsideration, thereby implying that he was not aware that said motion had been granted. (*See* ECF Nos. 39-41.) On September 8, 2003, Mr. Epps filed Objections to the Report and Recommendation (ECF No. 42), in which he explained that his delay in filing was because he had not received the court's Marginal Order until August 28, 2003. (*Id.* at 20.) Petitioner filed additional authority in support of his Objections on April 15, 2003. (ECF No. 43.)

On February 13, 2006, Petitioner filed an appeal to the Court of Appeals of the Sixth Circuit. (ECF No. 44.) In a letter dated February 9, 2006, which accompanied the filing of the appeal, Petitioner stated that he was filing his appeal "in spite of no final order being issued as far as the petitioner knows." (ECF No. 44-2, at 1.) On March 22, 2006, a panel of the Sixth Circuit denied Petitioner's Appeal on the ground that "[t]he district court dismissed the case by judgment entered on July 10, 2003, but the marginal ruling of August 6, 2003 essentially vacated that decision. No appeal can be filed until the district court enters a new decision." (ECF No. 47, at 2.) On January 8, 2007, Petitioner filed a Petition for Writ of Mandamus against Judge Solomon Oliver, Jr. (*see* ECF No. 48), requesting that the Sixth Circuit either direct this court to issue an Order addressing Petitioner's Objections; or grant Petitioner's writ itself; or grant Petitioner's previously denied appeal.

As the Court of Appeals for the Sixth Circuit has noted, this court's granting of Petitioner's Motion for Reconsideration effectively vacated the court's previous Order dismissing Petitioner's habeas petition. (*See* ECF No. 47, at 2.) Consequently, the case should have been reopened.

- 3 -

Unfortunately, due to an inadvertent error, the case remained "termed" and Petitioner's motion did not appear as pending.

## II. HABEAS RELIEF

After reviewing Petitioner's Objections, as well as the Magistrate's Report and Recommendation and all other relevant documents, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.

Specifically, eight of Petitioner's nine claims (counts one-six, eight, and nine) were properly denied because of Petitioner's failure to properly exhaust the claims in state court. (*See* Report and Recommendation at 11-12.) Petitioner's argument that *res judicata* is not sufficient to procedurally default a claim for habeas review (Pet.'s Objections at 7-8) is without merit. *See, e.g.*, *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998); (Report and Recommendation at 12-13.) These eight claims were then procedurally defaulted because Petitioner did not establish cause or actual prejudice. (Report and Recommendation at 12-15.) Petitioner's sole argument for cause, ineffective assistance of counsel, failed because he did not prove the two required elements under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). (Report and Recommendation at 14.) Finally, Petitioner did not present a colorable claim of actual innocence. The Supreme Court has stated that an actual innocence claim must be based on factual innocence, not legal innocence, and that

> [t]he prisoner must show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt.

- 4 -

*Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17 (U.S. 1986) (internal quotation marks omitted).  Here, Petitioner has not maintained that he did not commit the crime.  Instead, he contends only that there was insufficient evidence to convict him; that the elapsed time between his arrest and trial made it difficult for him to locate exculpatory evidence; and that some of the evidence was fabricated.  (Pet.'s Objections at 14-15; Pet.'s Petition at 12-14.)  These challenges are insufficient to raise an "actual innocence" claim.  Therefore, no special circumstances exist for waiving the cause and prejudice requirements to avoid procedural default.  (*Id.* at 14-15; *see id.* at 9.)

In addition, the Magistrate Judge found that Petitioner's claim that there was insufficient evidence to support his convictions (count seven) was without merit.  (*Id.* at 15-18.)  Under the deference that a federal court must give to the factual determinations made in a state court conviction, the Magistrate Judge held that "[t]he record fully supports the finding of the [Ohio] Court of Appeals that there was sufficient evidence to convict Epps."  (*Id.* at 17-18.)  This court agrees.  Furthermore, the court finds that Petitioner's general Objections are not well-taken.  Petitioner argues that his petition for habeas relief should not be held to the strict procedural requirements of the Antiterrorism and Effective Death Penalty Act because of his status as a *pro se* prisoner.  (*See* Pet.'s Objections 1-7, ECF No. 42.)  However, there is nothing in the case cited by Petitioner, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), which allows this court to dispense with, or alter, the threshold procedural requirements of exhaustion or procedural default.  In addition, the Magistrate Judge's denial of Petitioner's request that the opposing counsel provide him with trial transcripts was made in accordance with the law.  (*See* Order, ECF No. 19.)  Accordingly, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 18) and denies the Petition

for Habeas Corpus (ECF No. 1) for the reasons stated in the Report and Recommendation and in this Order.

### III. CONCLUSION

The court hereby adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 18). Mr. Epps's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby denied, and final judgment is entered in favor of the Respondent. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 17, 2007